Approved, SCAO

| Original - Court | 2nd copy - Plaintiff |
| 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>10TH JUDICIAL CIRCUIT<br>COUNTY PROBATE | AMENDED<br>SUMMONS AND COMPLAINT | CASE NO.<br>16-028825-CD-5 |
|---|---|---|

Court address: Saginaw County Courthouse, 111 S. Michigan Ave., Saginaw, MI 48602

Court telephone no.: (989) 790-5540

| Plaintiff's name(s), address(es), and telephone no(s).<br>RICK HENSLER | v | Defendant's name(s), address(es), and telephone no(s).<br>QUALITY TEMPORARY SERVICES, INC. d/b/a<br>QUALIFIED STAFFING SERVICES |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>VICTOR J. MASTROMARCO, JR. (P34564)<br>KEVIN J. KELLY (P74546)<br>THE MASTROMARCO FIRM<br>1024 N. Michigan Ave., Saginaw, MI 48602<br>989-752-1414 | | Resident Agent:<br>David Jujciak<br>5361 Gateway Centre, Suite A<br>Flint, MI 48507 |

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

Issued: 2-23-16  This summons expires: 4-30-16  Court clerk: [signature]

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Saginaw County, Michigan | Defendant(s) residence (include city, township, or village)<br>Saginaw County, Michigan |
|---|---|
| Place where action arose or business conducted<br>Saginaw County, Michigan | |

02/17/2016
Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) SUMMONS AND COMPLAINT  MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)



PLAINTIFF'S EXHIBIT 2

**SUMMONS AND COMPLAINT**
**PROOF OF SERVICE** Case No. 10-02882-CD-3

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

| CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE |
|---|

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Quality Temporary Services | 5310 Gateway Center Sto A, Flint MI 48507 | 3-7-16 |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature: Kristie C Burr
Name (type or print): Kristie C Burr
Title: Legal Asst

Subscribed and sworn to before me on 3-18-16, Saginaw County, Michigan.
My commission expires: 4-15-18
Signature: _____ Deputy court clerk/Notary public
Notary public, State of Michigan, County of Saginaw

| ACKNOWLEDGMENT OF SERVICE |
|---|

I acknowledge that I have received service of the summons and complaint, together with _____ Attachments

_____ on _____
Day, date, time
_____ on behalf of _____
Signature

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Article Addressed to:

Quality Temporary Services
and Crucial
361 Gateway Centre Ste A
Flint MI 48507

9590 9403 0541 5173 5076 83

Article Number (Transfer from service label)

7008 1140 0000 1546 8807

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  Amanda Essix    ☐ Agent  ☐ Addressee

B. Received by (Printed Name): Amanda Essix
C. Date of Delivery: 3-7-16

D. Is delivery address different from item 1? ☐ Yes  ☐ No
If YES, enter delivery address below:

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Form 3811, April 2015 PSN 7530-02-000-9053       Domestic Return Receipt

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

RICK HENSLER,

    Plaintiff,

v.

QUALITY TEMPORARY SERVICES, INC.
d/b/a QUALIFIED STAFFING SERVICES,

    Defendant.
_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
_____/

Case No. 16-028825-CD-5
Hon. Darnell Jackson



A TRUE COPY
Susan Kaltenbach, Clerk

## PLAINTIFF'S FIRST AMENDED COMPLAINT & DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, RICK HENSLER, by and through his attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendant, QUALITY TEMPORARY SERVICES, INC. doing business as QUALIFIED STAFFING SERVICES, stating as follows:

### COMMON ALLEGATIONS

1. That Plaintiff is a resident of the County of Saginaw, State of Michigan.

2. That Defendant is a domestic profit corporation authorized to conduct business in the State of Michigan and doing so in the County of Saginaw, State of

Michigan.

3. That the amount in controversy exceeds the sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), exclusive of costs, interest, and attorney fees.

4. That Defendant employs workers to perform work at the Hemlock Semiconductor.

5. That on or about September 2, 2008, Defendant hired Plaintiff to work at the Hemlock Semiconductor.

6. That in 2009, Plaintiff was diagnosed with diabetes.

7. That Plaintiff provided Defendant with notice of his diagnosis.

8. That Plaintiff's job responsibilities included operating a fork lift.

9. That on or about January 29, 2013, at approximately 8:48 p.m., Plaintiff went on the first break of his shift.

10. That during said break, Plaintiff began experiencing blurred vision, which was symptom of elevated blood sugar levels.

11. That at that point, Plaintiff spoke with Chris Williams, Plaintiff's immediate supervisor, and reported that his blood sugar was high and was experiencing blurred vision.

12. That as Plaintiff was standing near the sink, Lola Crockett, a quality supervisor, approached Plaintiff and Mr. Williams, indicating that she had a family member with diabetes and making sure that Plaintiff was okay.

13. That subsequently Mr. Williams and Ms. Crockett moved away from Plaintiff.

14. That Phil, the third shift supervisor, then approached Plaintiff and asked why he was in the break room for so long.

15. That Plaintiff responded, "You know I have diabetes and I do not feel good."

16. That Phil stated, "Your diabetes is your problem," and walked out of the room.

17. That Plaintiff then walked towards the area storing working materials and saw Becky Smith, a safety manager.

18. That Plaintiff informed Ms. Smith that he did not feel well.

19. That Ms. Smith responded that she could tell Plaintiff was not feeling well, because she noted that his eyes looked glossy.

20. That Plaintiff said to Ms. Smith that the "LPOs" should be called, who are Dow Corning employees that are akin to first responders and had blood sugar testing materials.

21. That Ms. Smith refused to call the "LPOs," because Phil had not called them.

22. That Ms. Smith instructed Plaintiff to sit down until he felt well enough to go back to work.

23. That Plaintiff did not feel well enough to perform his job duties for the remainder of his shift.

24. That notwithstanding the fact that Defendant had notice of a temporary period of incapacity that Plaintiff was experiencing due to a chronic serious health

3

condition, Defendant retaliated against and discriminated against Plaintiff, because of his medical condition and his temporary incapacity.

25. That also on or about January 29, 2013, Phil began preparing a disciplinary action form, purporting to discipline Plaintiff for taking too long of a break.

26. That on or about January 30, 2013, Doug Aho, another supervisor, presented Plaintiff with the disciplinary action form.

27. That Plaintiff refused to sign said disciplinary action form as it was discriminatory and retaliatory in nature.

28. That on or about February 5, 2013, Plaintiff attempted to enter the Hemlock Semiconductor property; however, his badge would not work and he was unable to enter.

29. That Plaintiff subsequently contacted Defendant and spoke with Matt, a manager working in Defendant's Saginaw Office.

30. That Matt informed Plaintiff that Defendant had terminated his employment.

31. That on or about February 11, 2013, Plaintiff returned his badge to Defendant and received a separation notice, which stated:

> Being discharged for wasting company time. Rick took a 1-hour and 36-minute break on a scheduled 30-minute break.

32. That Defendant's reasons for terminating Plaintiff's employment are wholly pretextual in nature and directly evidence Defendant's violations of the Family and Medical Leave Act.

33. That Defendant's violations of the Family and Medical Leave Act were

willful.

34. That Defendant's actions constitute interference in violation of the Family and Medical Leave Act.

35. That Defendant's actions constitute retaliation in violation of the Family and Medical Leave Act.

36. That Defendant's actions constitute disability discrimination in violation of the Persons with Disabilities Civil Rights Act.

37. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and will continue to sustain severe economic damages, including, but not limited to, lost wages, back pay, front pay, raises, bonuses, health, dental, vision and/or life insurance benefits, investment, pension and/or retirement benefits, and any and all other compensation or fringe benefits lost to Plaintiff along with an additional amount to offset the negative tax consequences of any recovery for the same.

38. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and will continue to sustain severe non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, humiliation, embarrassment, nervousness, depression, anxiety, disruption of lifestyle, and denial of social pleasures.

39. That pursuant to 29 U.S.C. § 2617, Plaintiff hereby makes a claim for the following elements of damages:

> (a) Any wages, salary, employee benefits, or other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA;

(b) The interest on said wages, salary, and benefits calculated at the prevailing rate;

(c) An additional amount as liquidated damages equal to the above two sums;

(d) Reasonable attorney fees, reasonable expert witness fees, and other costs of this action; and

(e) Any such equitable relief as may be appropriate.

40. That Plaintiff hereby makes a claim for reasonable attorney fees pursuant to MCL § 37.1606.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

### COUNT I – INTERFERENCE IN VIOLATINO OF THE FAMILY & MEDICAL LEAVE ACT

41. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 40 of his Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

42. That Congress enacted the Family and Medical Leave Act, finding that "there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods." 29 U.S.C. § 2601(a)(4).

43. That the FMLA makes it unlawful for an employer "to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the Act. 29 U.S.C. § 2615(a)(1).

6
THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

44. That at all times material hereto, Defendant was and is a covered employer as defined by the FMLA and the applicable federal regulations. 29 C.F.R. § 825.104.

45. That at all times material hereto, Plaintiff was an eligible employee as defined by the FMLA and the applicable federal regulations. 29 C.F.R. § 825.110.

46. That at all times material hereto, Plaintiff suffered from a chronic serious health condition, diabetes, which caused a period of temporary incapacity, required periodic visits of at least two (2) per year, continued over an extended period of time, and caused episodic periods of incapacity. 29 C.F.R. § 825.115(c).

47. That Plaintiff provided Defendant sufficient notice reasonably determine whether the FMLA may apply to the period of incapacity Plaintiff was experiencing as he reported that he was suffering from elevated blood sugar and his vision was blurry and, as such, was temporarily unable to perform the functions of his job as a forklift operator. 29 C.F.R. § 825.303(b).

48. That the information provided by Plaintiff to Defendant was reasonably adequate to apprise Defendant of Plaintiff's need to take leave for a serious health condition that rendered him temporarily unable to perform his job. *See Brenneman v. MedCentral Health System*, 366 F.3d 412, 421 (6th Cir. 2004).

49. That Defendant also failed to inquire further of Plaintiff to ascertain whether Plaintiff's temporary period of incapacity was potentially FMLA-qualifying. 29 C.F.R. § 825.301(a).

50. That notwithstanding Defendant's knowledge that Plaintiff suffered a temporary period of incapacity for an FMLA-qualifying reason, Defendant failed to

provide Plaintiff with an eligibility notice and a rights and responsibilities notice. 29 C.F.R. § 825.300(b)-(c).

51. That Defendant terminated Plaintiff for experiencing a temporary period of incapacity that rendered him unable to perform the duties of his job.

52. That Defendant's reasons for terminating Plaintiff's employment are pretextual in nature and does not constitute a legitimate reason unrelated to Plaintiff's exercise of FMLA rights.

53. That Defendant's actions constitute interference in violation of the Family and Medical Leave Act.

54. That pursuant to 29 U.S.C. § 2617, Plaintiff hereby makes a claim for the following elements of damages:

(a) Any wages, salary, employee benefits, or other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA;

(b) The interest on said wages, salary, and benefits calculated at the prevailing rate;

(c) An additional amount as liquidated damages equal to the above two sums;

(d) Reasonable attorney fees, reasonable expert witness fees, and other costs of this action; and

(e) Any such equitable relief as may be appropriate.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

### COUNT II – RETALIATION IN VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT

55. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 40 of his Common Allegations and paragraphs 41 through 54 of Count I, word for word and paragraph for paragraph, as if fully restated herein.

56. That the FMLA further "prohibits an employer from discriminating or retaliating against an employee . . . for having exercised or attempted to exercise FMLA rights." 29 C.F.R. § 825.220(c).

57. That Plaintiff engaged in activity protected by the FMLA by attempting to exercise his rights under the Act by providing Defendant sufficient notice of a temporary period of incapacity due to a chronic serious health condition.

58. That Defendant took material adverse employment action against Plaintiff by virtue of the termination of his employment.

59. That a causal connection exists between Plaintiff's protected activity and the materially adverse employment action.

60. That a causal connection is directly evidenced by the fact that Defendant terminated Plaintiff for undergoing the temporary period of incapacity caused by his medical condition.

61. That a causal connection is demonstrated, at least in part, by the close temporal proximity between Plaintiff's protected activity and the materially adverse employment action.

62. That a causal connection is demonstrated, at least in part, by Defendant's

failures to comply with its obligations under the Department of Labor regulations.

63. That Defendant's reasons for taking the materially adverse employment action are pretextual in nature and directly related to Plaintiff's protected activity.

64. That Defendant's actions constitute retaliation in violation of the Family and Medical Leave Act.

65. That pursuant to 29 U.S.C. § 2617, Plaintiff hereby makes a claim for the following elements of damages:

    (a)    Any wages, salary, employee benefits, or other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA;

    (b)    The interest on said wages, salary, and benefits calculated at the prevailing rate;

    (c)    An additional amount as liquidated damages equal to the above two sums;

    (d)    Reasonable attorney fees, reasonable expert witness fees, and other costs of this action; and

    (e)    Any such equitable relief as may be appropriate.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

### COUNT III – DISABILITY DISCRIMINATION IN VIOLATION OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

66. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 40 of his Common Allegations, paragraphs 41 through 54 of Count

I, and paragraphs 55 through 65 of Count II, word for word and paragraph for paragraph, as if fully restated herein.

67. That the Persons with Disabilities Civil Rights Act declares that the opportunity to obtain employment without discrimination because of a disability is a civil right. MCL § 37.1102(1).

68. That the Act prohibits an employer from discharging or otherwise discriminating against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a disability that is unrelated from the individual's ability to perform the duties of a particular job or position. MCL § 37.1202(1)(b).

69. That at all times material hereto, Plaintiff had a disability as defined by the Act. MCL § 37.1103(d)(i).

70. That at all times material hereto, Plaintiff had a physical characteristic that substantially limited one or more major life activities that was unrelated to Plaintiff's ability to perform the duties of a particular job or position. MCL § 37.1103(d)(i).

71. That Plaintiff's diagnosis of diabetes and the accompanying symptoms constitute a statutorily defined disability.

72. That at all times material hereto, Defendant had knowledge of Plaintiff's disability.

73. That Defendant discriminated against Plaintiff by discharging his employment. MCL § 37.1202(1)(b).

74. That Defendant's intent to discriminate against Plaintiff is directly

11
THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

evidenced by Defendant's statement to Plaintiff that "your diabetes is your problem," which occurred the same day that Defendant began the process to terminate Plaintiff's employment.

75. That the reasons offered by Defendant for Plaintiff's termination are pretextual in nature.

76. That Defendant's actions constitute disability discrimination in violation of the Persons with Disabilities Civil Rights Act.

77. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and will continue to sustain severe economic damages, including, but not limited to, lost wages, back pay, front pay, raises, bonuses, health, dental, vision and/or life insurance benefits, investment, pension and/or retirement benefits, and any and all other compensation or fringe benefits lost to Plaintiff along with an additional amount to offset the negative tax consequences of any recovery for the same.

78. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and will continue to sustain severe non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, humiliation, embarrassment, nervousness, depression, anxiety, disruption of lifestyle, and denial of social pleasures.

79. That Plaintiff hereby makes a claim for reasonable attorney fees pursuant to MCL § 37.1606.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of TWENTY-FIVE THOUSAND

DOLLARS ($25,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

                                                Respectfully submitted,
                                                THE MASTROMARCO FIRM

Dated: February 17, 2016      By:    /s/ Victor J. Mastromarco, Jr.
                                                  VICTOR J. MASTROMARCO, JR. (P34564)
                                                  KEVIN J. KELLY (P74546)
                                                  Attorneys for Plaintiff
                                                  1024 N. Michigan Avenue
                                                  Saginaw, Michigan 48602
                                                  (989) 752-1414

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, RICK HENSLER, by and through his attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all of the above issues, unless otherwise expressly waived.

                                                Respectfully submitted,
                                                THE MASTROMARCO FIRM

Dated: February 17, 2016      By: _____
                                                VICTOR J. MASTROMARCO, JR. (P34564)
                                                KEVIN J. KELLY (P74546)
                                                Attorneys for Plaintiff
                                                1024 N. Michigan Avenue
                                                Saginaw, Michigan 48602
                                                (989) 752-1414