UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICK HENSLER,

                Plaintiff,                Case No. 16-cv-11210

v                                            Honorable Thomas L. Ludington

QUALITY TEMPORARY SERVICES, INC.
d/b/a/ QUALIFIED STAFFING SERVICES,

                Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS, DISMISSING COUNTS 1 AND 2 OF PLAINTIFF'S COMPLAINT WITH PREJUDICE, AND DISMISSING COUNT 3 OF PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**

Plaintiff Rick Hensler filed his original, *pro se* complaint against his former employer, Defendant Quality Temporary Services ("Quality Temp"), on January 29, 2016 in Michigan state court. *See* Compl., ECF No. 1. Hensler alleged that he was "wrongfully terminated and discriminated against with my diabetes." *Id*. After retaining an attorney, Hensler filed an amended complaint on February 17, 2016. *See* Am. Compl., ECF No. 1. In his amended complaint, Hensler alleges that Defendant Quality Temp violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2611, *et seq*., and Michigan's People with Disabilities Civil Rights Act ("PWDCRA"), M.C.L. § 37.1202(1)(b) when it terminated his employment.

Defendant removed the action to this Court on April 4, 2016. Defendant then filed a motion to dismiss on April 11, 2016, alleging that Plaintiff's claims were barred by the relevant statutes of limitations. *See* Mot. to Dismiss, ECF No. 4. For the reasons stated below, Defendant's motion will be granted.

## I.

Plaintiff Rick Hensler is a resident of Saginaw County, Michigan. Am Compl. ¶ 1. Defendant Quality Temp is a domestic profit corporation authorized to conduct business in the state of Michigan. *Id*. at ¶ 2. Defendant is a staffing agency that employs workers to perform duties at Hemlock Semiconductor Corporation. *Id*. at ¶ 5. According to the amended complaint, Plaintiff Hensler began working for Defendant on or around September 2, 2008. *Id*. at ¶ 5. In 2009 Hensler was diagnosed with diabetes, and he informed Defendant of his diagnoses at some point. *Id*. at ¶ 7.

### A.

The events giving rise to Plaintiff's claims took place on January 29, 2013. *See* Am. Compl. at ¶ 9. Hensler, who was entitled to 30-minute breaks, began his first break at around 8:48 PM. *Id*. Hensler alleges that during his break he began experiencing blurred vision, which was a symptom of elevated blood sugar levels related to his diabetes. *Id*. at ¶ 10. He alleges that at some point he reported his symptoms to Chris Williams, his immediate supervisor. *Id*. at ¶ 11. He also reported his symptoms to Lola Crocket, a quality supervisor who was sympathetic, and to a third shift supervisor named Phil, who was not sympathetic and stated "Your diabetes is your problem" before walking out of the room. *Id*. at 13-16. Hensler also informed Becky Smith, a safety manager, that he did not feel well, in response to which Ms. Smith noted that Hensler's eyes looked glassy. *Id*. at 19. Hensler then allegedly asked Ms. Smith to call the first responders, or "LPOs." *Id*. at ¶ 20. Ms. Smith did not call the LPOs for the reason that Phil had not called them, but instructed Hensler to sit down until he felt well enough to go back to work. *Id*. at ¶ 22. Hensler did not feel well enough to return to work for the remainder of his shift, and therefore did not return to work. *Id*. at ¶ 23.

According to Plaintiff Hensler, that same evening, January 29, 2013, Phil began preparing a disciplinary action form against Hensler for taking too long of a break. *Id*. at ¶ 25. Another supervisor, Doug Aho, presented the disciplinary action form to Hensler the following day, January 30, 2013. *Id*. at ¶ 26. Because Hensler believed that the discipline was discriminatory and retaliatory he refused to sign the form.

On February 5, 2013 Plaintiff Hensler attempted to enter the Hemlock Semiconductor property, but his badge did not work and he was unable to enter. *Id*. at ¶ 29. Hensler was then informed that Defendant Quality Temp had terminated his employment. *Id.* at ¶ 30. Hensler returned his badge on February 11, 2013 and received a separation notice stating that he was "[b]eing discharged for wasting company time. Rick took a 1-hour and 36-minute break on a scheduled 30-minute break." *Id*. at ¶ 31.

**B.**

Almost exactly three years after the termination of his employment, on January 29, 2016, Plaintiff Hensler filed a *pro se* complaint against Defendant Quality Temp2016 in Michigan state court. *See* Compl., ECF No. 1. The complaint states in its entirety:

1. I am Rick Hensler I live in Saginaw M.

2. Qualified Staffing Services practices business in Saginaw

3. I believe I was wrongfully terminated and discriminated against with my diabetes

4. I stayed in the backroom lounge after lunch not feeling well. Management asked me why I stated not feeling well due to blood sugar. Management did nothing to help other than to write me up and terminate. I am requesting the court grant me damages in an amount of at least 100,000 for damages.

Rick Hensler    1-29-2016

*Id*. Hensler also personally signed a request for summons to be issued on January 29, 2013. *Id*. The summons was issued that same day, and was set to expire on April 30, 2016. *Id*. There is no evidence that Defendant was served with the summons.

After an attorney entered an appearance on his behalf, Plaintiff Hensler filed an amended complaint on February 17, 2016. *See* Am. Compl., ECF No. 1. The amended complaint sets forth three causes of action: (1) Interference in violation of the FMLA, 29 U.S.C. § 2615(a)(1); (2) Retaliation in violation of the FMLA, 29 C.F.R. § 825.220(c); and (3) Disability discrimination in violation of the PWDCRA, M.C.L. § 37.1202(1)(b). *Id*.

Plaintiff Hensler filed an amended request for summons on February 23, 2016. *Id*. Defendant was served with a copy of the amended complaint on March 7, 2016. *Id*. Defendant responded by removing the action to this Court on April 4, 2016, and filing its motion to dismiss on April 11, 2016. *See* ECF No. 4.

**II.**

A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert*, 517 F.3d at 439. The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 570). "Dismissal under Rule 12(b)(6) is

proper when the applicable statute of limitations bars the claim." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

**A.**

Defendant first moves for summary judgment as to Plaintiff Hensler's FMLA claims. The FMLA entitles employees to an annual total of twelve weeks of leave for a number of reasons including, inter alia, because of a "'serious health condition that makes the employee unable to perform the functions of the position of such employee.' " *Arban v. West Publ'g Corp.*, 345 F.3d 390, 400 (6th Cir.2003) (quoting 29 U.S.C. § 2612(a)(1)(D)). The FMLA makes it unlawful for any employer "to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided [by the Act]," 29 U.S.C. § 2615(a)(1), or to "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the Act]." *Id.* at § 2615(a)(2).

The Sixth Circuit has recognized two discrete theories of recovery under the FMLA: (1) the "interference" theory arising under § 2615(a)(1), and (2) the "retaliation" theory arising from § 2615(a)(2). *Seeger v. Cincinnati Bell Telephone Co., LLC*, 681 F.3d 274, 282 (6th Cir. 2012). The main distinction between the two theories is the employer's intent. The interference theory has its roots in the FMLA's creation of substantive rights, and "[i]f an employer interferes with the FMLA-created right to medical leave or to reinstatement following the leave, a violation has occurred," regardless of the intent of the employer. *Id.* (quoting *Arban v. West Pub. Co.*, 345 F.3d 390, 401 (6th Cir. 2003)). In contrast, the central issue raised by the retaliation theory is "whether the employer took the adverse action because of a prohibited reason or for a legitimate nondiscriminatory reason." *Id.* (quoting *Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 508 (6th Cir. 2006)). In other words, an employer's intent is relevant only in retaliation claims because those

claims "impose liability on employers that act against employees specifically because those employees invoked their FMLA rights." *Id.* (citing *Edgar*, 443 F.3d at 508) (emphasis original). Plaintiff Hensler brings claims under both theories in his amended complaint.

**B.**

Defendant first argues that Plaintiff's FMLA claims are barred by the relevant statute of limitations. Under 29 U.S.C. § 2617(c)(1), FMLA actions generally must be brought "not later than 2 years after the date of the last event constituting the alleged violation for which the actions is brought." *Id*. An exception applies where a plaintiff alleges that an employer *willfully* interfered with their rights under the FMLA, in which case the action must be brought "within 3 years of the last event constituting the alleged violation for which such action is brought." 29 U.S.C. § 2617(c)(2). A plaintiff bears the burden of establishing that a violation of the FMLA was willful. *See Hoffman v. Professional Med. Team*, 394 F.3d 414, 417 (6th Cir. 2005). To do so, a plaintiff must show that a defendant "act[ed] with knowledge that its conduct is prohibited by the FMLA or with reckless disregard of the FMLA's requirements." *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004).

Because Plaintiff Hensler filed his original complaint well outside of the normal 2-year statute of limitations, he can only proceed with his FMLA claims if he states a plausible claim that Defendant's alleged violations of the FMLA were willful, thus triggering the 3-year statute of limitations. Under former pleading standards, a plaintiff was required only to allege that an FMLA violation was willful for a court to apply the 3-year statute of limitations for the purpose of deciding a Rule 12(b)(6) motion to dismiss. *Ricco v. Potter*, 377 F.3d at 603. However, "after the Supreme Court's decisions in *Iqbal* and *Twombly*, a plaintiff must do more than make the conclusory assertion that a defendant acted willfully." *Crugher v. Prelesnik,* 761 F.3d 610, 617

(6th Cir. 2014) (citing *Katoula v. Detroit Entm't, LLC*, 557 F. App'x 496, 498 (6th Cir. 2014)). While conditions of a person's mind may be alleged generally, "the plaintiff still must plead facts about the defendant's mental state, which, accepted as true, make the state-of-mind allegation plausible on its face." *Crugher*, 761 F.3d at 617 (citing *Katoula*, 557 F. App'x at 498).

Plaintiff does not allege that he specifically requested FMLA leave from Defendant, or that he notified Defendant that his leave was FMLA qualifying. Instead, Plaintiff bases his FMLA claims on allegations that, despite having notice of Plaintiff's diabetes, Defendant failed to make further inquiries regarding whether Hensler's incapacity was FMLA qualifying, and failed to provide Hensler with an eligibility notice and a rights and responsibility notice. *See* Am. Compl. ¶¶47-50. In support of his conclusion that these acts were willful, Plaintiff alleges that Phil, the third shift supervisor who initially prepared the disciplinary action form, stated "your diabetes is your problem" after Hensler informed him that he had diabetes and did not feel well. *Id.* at ¶¶ 14-16, 25.

Plaintiff has made no allegation that Phil was aware that Plaintiff had a qualifying medical issue under the FMLA. Plaintiff also has not alleged that Phil was a decision maker in Defendant's decision to terminate Hensler's employment, and it is the termination decision, not the disciplinary action form, on which Plaintiff bases his FMLA claims. Even assuming that the termination decision was based on the disciplinary action initiated by Phil, Plaintiff has pled no facts to suggest that the decision maker(s) should have been aware of the alleged discriminatory nature of the disciplinary action.

Furthermore, Plaintiff has not alleged that Defendant knowingly or recklessly disregarded the FMLA's requirements by failing to make inquiries about whether Plaintiff's alleged incapacity was potentially FMLA qualifying, or by failing to provide Plaintiff with eligibility

notice and a rights and responsibility notice. While Plaintiff alleges that Defendant should have known that it was required to take such actions, there are no facts in Plaintiff's amended complaint suggesting that these failures were willful.

Because Plaintiff has not established that Defendant willfully violated the FMLA, the FMLA's general 2-year statute of limitations applies. 29 U.S.C. § 2617(c)(1). Plaintiff filed his original complaint on January 29, 2016 – almost three years after the date of the last event constituting the alleged violation. Plaintiff's FMLA claims are therefore untimely, and will be dismissed with prejudice.

### III.

Because Plaintiff's federal claims will be dismissed on the merits, Plaintiff's related state law claim will be dismissed without prejudice. A federal court may exercise supplemental jurisdiction over a plaintiff's state law claim if it forms part of the same controversy as the federal claims. *See* 28 U.S.C. § 1367(a). A federal court may decline to exercise supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). When a plaintiff's federal claims have been dismissed on the merits, the question of whether to retain jurisdiction over any state law claims rests within the court's discretion. *Blakely v. United States*, 276 F.3d 853, 860 (6th Cir. 2002). However, the dismissal of the claims over which the federal court had original jurisdiction creates a presumption in favor

of dismissing without prejudice any state-law claims that accompanied it to federal court. *Id*. at 863. In addition, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). The issues presented by Plaintiff's remaining claim are more appropriate for resolution by a state court and therefore the Court declines to exercise its supplemental jurisdiction. Plaintiffs' supplemental state law claim will therefore be dismissed without prejudice.

**IV.**

Accordingly, it is **ORDERED** that Defendants Quality Temp's Motion for Summary Judgment, ECF No. 4, is **GRANTED IN PART.**

It is further **ORDERED** that Counts 1 and 2 of Plaintiff Hensler's complaint, ECF No. 1, are **DISMISSED with prejudice**.

It is further **ORDERED** that Count 3 of Plaintiff Hensler's Complaint, ECF No. 1, is **DISMISSED without prejudice**.

                                                            s/Thomas L. Ludington
                                                           THOMAS L. LUDINGTON
                                                           United States District Judge

Dated: June 6, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 6, 2016.

                                   s/KIM GRIMES
                                   Kim Grimes Acting in the Absence of
                                   Michael A. Sian, Case Manager